

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 22, 2021

**By Email/ECF**
Hon. Andrew L. Carter Jr.
United States Courthouse
40 Foley Square, Room 435.
New York, NY 10007

    Re:    *United States v. Cristian Valdez*, 20 Cr. 115 (ALC)

Dear Judge Carter,

    The Government writes to respectfully request that the Court reconsider the portion of the Court's April 7, 2021 opinion (the "Order"), (ECF No. 59), granting the defendant's motion to dismiss Count Three of the Indictment, in light of the Second Circuit's recent opinion in *United States v. McCoy*, No. 17-3515 (2d Cir. April 22, 2021).

### Background

    As set forth in the separate complaints charging Recio-Rondon and Soriano (*see* ECF No. 1 (Nov. 14, 2019)), and Valdez (*see* ECF No. 1 (Dec. 6, 2019)), on or about November 13, 2019, the defendants violently attempted to rob two purported drug dealers who were, in fact, confidential sources for the DEA.[1] In relevant part, the defendants feigned walking into an apartment building with one of the confidential sources ("SOI-1") under the pretext of selling SOI-1 narcotics, while the second confidential source remained outside on the street, seated in a vehicle. Shortly after the defendants entered the vestibule of an apartment building, Valdez and Soriano dragged SOI-1 out of Building-1 into a courtyard offset from the street. Soriano struck SOI-1 with a firearm and Valdez stabbed SOI-1 with a knife. Valdez, at one point, walked away from SOI-1, only to return and stab SOI-1 a second time a few seconds later. After the stabbing, Soriano left SOI-1 and approached CS-1, who still was seated in Vehicle-1. Soriano leaned into Vehicle-1 with a firearm in his hand, and demanded, in substance and in part, "Where is it, where is the money." Law enforcement agents then attempted to apprehend Soriano; Valdez fled the scene and remained at large for weeks.

    Count One of the Indictment charged the defendants with conspiring to commit Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951; Count Two charged the

---

[1] In the November 14 Complaint, Recio-Rondon and Soriano are referenced by name and Valdez is identified as "CC-1." In the December 6 Complaint, Valdez is referenced by name, and Recio-Rondon and Soriano are identified as "CC-1" and "CC-2," respectively. All citations in this section are to the Dec. 6 Complaint.

defendants with attempted Hobbs Act robbery, in violation of Title 18, United States Code, Sections 1951 and 2; and Count Three charged the defendants with knowingly using, carrying, and possessing a firearm in furtherance of a crime of violence, which was brandished, and aiding and abetting the same, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), and 2.

Defendant Cristian Valdez moved to: (i) suppress two search warrants that sought historical and prospective cell site location information for a particular cellphone; (ii) dismiss Counts One and Two of the Indictment, on the grounds that they fail to allege Valdez's knowledge of the robbery or that the target was a drug dealer; and (iii) dismiss Count Three of the Indictment on the grounds that attempted Hobbs Act robbery is not a predicate "crime of violence" under Section 924(c). This Court granted the defendant's motion to dismiss Count Three of the Indictment, ruling that attempted Hobbs Act robbery is not a predicate "crime of violence" under Section 924(c), but denied Valdez's motion in every other respect. (*See* Order at 11-14). The Court's Order was issued on April 7, 2021.

Discussion

The Government now writes seeking reconsideration of the Court's dismissal of Count Three of the Indictment in light of the Second Circuit's opinion in *United States v. McCoy*, issued on April 22, 2021 – fifteen days after the Order was filed – holding that attempted Hobbs Act robbery is a crime of violence. *See McCoy*, No. 17-3515 (2d Cir. April 22, 2021), at 51–58; *id.* at 58 ("[W]e hold that Hobbs Act attempted robbery qualifies as a crime of violence under § 924(c) because an attempt to commit Hobbs Act robbery using force necessarily involves the 'attempted use . . . of force' under § 924(c)(3)(A) . . . .").

Pursuant to Criminal Rule 49.1(d) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, "[a] motion for reconsideration . . . of a Court order determining a motion shall be filed and served within fourteen (14) days after the Court's determination of the original motion." Criminal Local Rule 49.1(d). Although the Government's instant motion for reconsideration is now filed fifteen (15) days following the Court's decision, and is, technically, untimely, "courts retain discretion to excuse an untimely filing." *United States v. Djemal Nehmad*, No. 16 CR. 829 (AKH), 2020 WL 6719380, at *1 (S.D.N.Y. Nov. 16, 2020) (quoting *United States v. Lisi*, No. 15 CR. 457 (KPF), 2020 WL 1331955, at *1 (S.D.N.Y. Mar. 23, 2020) (internal quotation marks omitted)). Courts may "excuse an untimely filing . . . [where there is] good cause to do so," *United States v. Okparaeke*, No. 17 Cr. 225 (NSR), 2019 WL 4233427, at *2 (S.D.N.Y. Sept. 6, 2019) (citing *Davidson v. Scully*, 172 F. Supp. 2d 458, 462-63 (S.D.N.Y. 2001)), or "when there was a compelling reason to ignore the time limit," *Richman v. W.L. Gore & Assocs., Inc.*, 988 F.Supp. 753, 755 (S.D.N.Y. 1997) (citation and internal quotation marks omitted).[2]

---

[2] *See also* SECURITIES AND EXCHANGE COMMISSION, Plaintiff, v. LAWRENCE E. PENN, III, MICHAEL ST. ALTURA EWERS, CAMELOT ACQUISITIONS SECONDARY OPPORTUNITIES MANAGEMENT LLC, THE CAMELOT GROUP INTERNATIONAL, LLC, & SSECURION LLC, Defendants, & A BIGHOUSE PHOTOGRAPHY AND FILM STUDIO LLC, Relief Defendant., No. 14-CV-581 (VEC), 2021 WL 1226978, at *7 (S.D.N.Y. Mar. 31, 2021)

"The standards for reconsideration among the civil and criminal rules are largely the same." *United States v. Sessum*, No. 15 CR. 667-6 (KPF), 2020 WL 6392817, at *2 (S.D.N.Y. Oct. 30, 2020). In order to prevail on a motion for reconsideration, the moving party must "point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transportation,* 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted).

In this case, the Government's basis for seeking reconsideration is apparent, and likewise presents a "compelling reason" and "good cause" to excuse the Government's late filing: on April 22, 2021, approximately fifteen days following issuance of the Order, the Second Circuit published its decision in *McCoy*, resulting in "an intervening change of controlling law" pertaining to the Court's dismissal of Count Three of the Indictment. The Second Circuit's decision in *McCoy* is squarely on point, and supports denial of the defendant's dismissal motion in its entirety, on the grounds that Count Three of the Indictment properly charged the defendant with violating §§ 924(c)(1)(A)(i), (ii), and 2 because Count Two of the Indictment—attempted Hobbs Act Robbery—qualifies as a crime of violence.

Moreover, given that the Second Circuit's decision was published on April 22, there is "good cause" and a "compelling reason" for this Court to consider the merits of the Government's motion for reconsideration, notwithstanding the fact that it is filed one day following the time period permitted under Local Criminal Rule 49.1(d). The Government's late filing is not the product of neglect or inattention, nor is it an attempt to relitigate matters this Court already considered and rejected. *See Lisi*, 2020 WL 1331955, at *2 ("[R]econsideration 'is not a vehicle for relitigating old issues, presenting the case under new theories ... or otherwise taking a second bite at the apple.' " (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012))). Indeed, the Government would have had no basis prior to April 22, 2021 to file a motion for reconsideration, as the Government's instant motion is predicated upon the Second Circuit's ruling in *McCoy*. *See, e.g.*, *Richman v. W.L. Gore & Assocs., Inc.,* 988 F.Supp. 753, 755 (S.D.N.Y. 1997) (Court considered merits of untimely motion for reconsideration based on newly-published Supreme Court opinion); *see also United States v. Cremer*, No. 12 CRIM. 473 (ER), 2021 WL 75126, at *2 (S.D.N.Y. Jan. 8, 2021) (Court excused untimely motion for reconsideration "because the primary circumstance giving rise to [the] motion—namely, the increased COVID-19 infection rate at FCI Allenwood Low—did not occur until mid-December" (citing cases)). Moreover, less than a day has passed since the fourteen-day filing window elapsed, further underscoring the reasonableness of excusing the late filing here. *Compare United States v. Sessum*, No. 15 CR. 667-6 (KPF), 2020 WL 6392817, at *4 (S.D.N.Y. Oct. 30, 2020) (Court considered merits of motion for reconsideration filed two months following Court's Order in light of new evidence), *with Okparaeke*, 2019 WL 4233427,

---

("[C]ourts have permitted untimely motions for reconsideration when there was a compelling reason to ignore the time limit") (internal quotation marks and citation omitted).

at *3 (Court found motions for reconsideration untimely where they were filed approximately six and nine months following orders at issue).

I.  Conclusion

For the foregoing reasons, the Government respectfully moves for reconsideration of the Court's dismissal of Count Three of the Indictment in light of the Second Circuit's decision in *United States v. McCoy.*

Respectfully submitted,

AUDREY STRAUSS<br>
United States Attorney

by: /s/_____<br>
Sarah Mortazavi<br>
Jacob Gutwillig<br>
Assistant United States Attorneys<br>
(212) 637-2520 / 2215

CC:  All defense counsel (by ECF)