**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------- x
**UNITED STATES OF AMERICA,**                          :
                                                       :
                                                       :
                                                       :        **20-cr-115 (ALC)**
     **-against-**                          :
                                                       :        **ORDER GRANTING THE**
                                                       :        **GOVERNMENT'S**
**CHRISTIAN VALDEZ.**                                   :        **MOTION FOR**
                                                       :        **RECONSIDERATION**
                                                       :
        **Defendant.**                  :
-------------------------------------------------------------------- x
**ANDREW L. CARTER, JR., District Judge:**

A portion of my April 7, 2021 opinion vacated Count III of the indictment, finding that

attempted Hobbs Act Robbery is not a crime of violence under 18 U.S.C. § 924(c).  As noted in

the opinion, at that time, the Second Circuit had not addressed the issue.  On April 22, 2021, the

Second Circuit in *McCoy* decided that attempted Hobbs Act Robbery is a crime of violence.

*United States v. McCoy*, 995 F. 3d 32 (2nd Cir. 2021).  The same day, the government moved for

reconsideration of my decision.


Under Criminal Rule 49.1(d) of the Local Rules of the United States District Courts for

the Southern and Eastern Districts of New York, a party needs to file a motion for

reconsideration of a court's decision on a motion within 14 days.  However, courts may "excuse

an untimely filing…[where there is] good cause to do so," *United States v. Okparaeke*, No. 17

Cr. 225 (NSR), 2019 WL 4233427, at *2 (S.D.N.Y. Sept. 6, 2019) (citing *Davidson v. Scully*, 172

F. Supp. 2d 458, 462-463 (S.D.N.Y. 2001)), or "when there was a compelling reason to ignore

the time limit," *Richman v. W.L. Gore & Associates., Inc*., F. Supp. 753, 755 (S.D.N.Y. 1997)

(citation and internal quotation marks omitted).  "The major grounds justifying reconsideration

are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Virgin Atl. Airways v. Nat'l Mediation Bd*., 956 F. 2d 1245, 1255 (2d Cir. 1992) (citations omitted).

Although the government's motion for reconsideration is filed one day after the deadline, I will excuse the untimely filing.  The government's delay was not occasioned by any lack of diligence.  The government filed its motion the same day the Second Circuit issued its opinion, establishing "an intervening change of controlling law."

The defense wants me to deny the motion for reconsideration because the Circuit's opinion cannot be reconciled with Supreme Court precedent.  Alternatively, the defense wants me to delay a decision on the motion for reconsideration until an en banc review of *McCoy* is resolved.[1]

The Second Circuit's opinion is clear.  This intervening change of law not only excuses the government's delay, but also entitles the government to reconsideration of my earlier decision.  The parties need a decision on the motion for reconsideration before the trial starts. Since a trial is scheduled for February 2, 2021, I will grant the motion for reconsideration.  If the law changes between now and then, I will address it.

---

[1] In addition, the Supreme Court has granted cert in a case turning on the same issue: *United States v. Taylor*, Supreme Court Dkt. No. 20-1459.

SO ORDERED.

Dated:          December 15, 2021
                New York, New York

                                          _____/s/ Andrew L. Carter, Jr.
                                          **ANDREW L. CARTER, JR.**
                                          United States District Judge